1  **WO**

6  IN THE UNITED STATES DISTRICT COURT
7  FOR THE DISTRICT OF ARIZONA

9  Fairview Development Corporation, et al., )   No. CV-07-0337-PHX-SMM
10                                           )   **ORDER**
            Plaintiffs,                      )
11                                           )
   v.                                        )
12                                           )
                                             )
13 Aztex Custom Homebuilders, LLC, et al.,   )
                                             )
14                                           )
            Defendants.                      )
15                                           )
                                             )
16 _____ )

Before the Court is Plaintiffs' Response to Chipley Luxury Homes, Inc.'s Objection and Motion to Quash Subpoena Duces Tecum and Motion to Compel Response to Subpoena Duces Tecum ("Motion to Compel") (Dkt. 57).  Non-party Chipley Luxury Homes, Inc. ("Chipley") was served with, objected to and moved to quash the subpoena duces tecum issued by Plaintiffs.  (See Dkt. 55.)

**BACKGROUND**

This is a copyright infringement case brought by Plaintiffs against Defendants Aztex Custom Homebuilders and David Schmid regarding custom home building plans.  (See Dkt. 43, Second Am. Compl.)  Plaintiffs issued a subpoena duces tecum upon Chipley, the construction manager at the property that is the subject of this litigation.  The subpoena requests the following:

//

1. A copy of [Chipley's] complete file, including all contracts, subcontracts, agreements, drafts, amendments, memoranda of understanding, correspondence, e-mails, notes, invoices, statements, payments, checks, building plans, details, specifications, shop drawings, and all documents, relating to the design, construction, or supply of materials to the real property located at Lot 8 Stanford Court, Paradise Valley, AZ, commonly known as 6021 N. 37th Place, Paradise Valley, Arizona, 85253 ("Subject Property").

2. A copy of all documents in your possession, care, custody, or control referring to relating to in any way [*sic*], to David Schmid, Aztex Custom Homebuilders, LLC, or Five Star Development (or the parents, subsidiaries, or affiliates of either of those companies), including correspondence, e-mails, memoranda, notes, memoranda of telephone conversations or personal conversations, minutes of meetings, and interoffice communications. The term "document" includes all copies of a document which contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original.

3. A copy of any and all commercial general liability or similar insurance policies providing coverage for [Chipley] in relation to any design, construction, management, or supervision activities Chipley performed at the Subject Property. The documentation provided should include an indication of the time period for which each such policy was in effect, the policy limits, any issues regarding exhaustion of policy limits, deductibles, or self-insured retention on each such policy, and any additional insured endorsements on each such policy.

(Dkt. 57, Pls.' Mot. to Compel, Ex. 2 at 4:1-14.) Chipley has objected and moved to quash the subpoena. (Dkt. 55.)

**STANDARD OF REVIEW**

A court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv). A court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Id. at 45(c)(3)(A)(iii). An order requiring production must protect a non-party from significant expense resulting from compliance. Id. at 45(c)(2)(B)(ii).

**DISCUSSION**

Chipley requests that the Court quash the subpoena or address a fair reduction in its scope at a hearing.[1] (Dkt. 59, Chipley's Resp. to Mot. to Compel ("Chipley's Resp.") 2-3.) Chipley objects to the subpoena on the grounds that it is excessively costly and burdensome, seeks irrelevant information, and requires the production of trade secrets. (Id. at 4-6.) The Court will address these contentions in turn.

---

[1] The Court finds that the Motion to Compel can be decided on the papers, and therefore denies Plaintiffs' and Chipley's request for oral argument. See LRCiv 7.2(f).

- 2 -

Chipley first asserts that compliance with the subpoena is expected to take Chipley a minimum of three to five days to organize its response. Chipley asserts that compliance would be costly because Chipley is a one-person operation and compliance would require it to cease all operations while the documents are prepared. (Id. at 3-4.) The subpoena requests Chipley's entire file regarding the Subject Property. Plaintiffs assert that Chipley's involvement in the Subject Property lasted from December 2005 to mid-2007. (Pls.' Mot. to Compel 7:22-8:2.) Chipley does not dispute this contention.

Chipley provides no indicia, beyond the assertion itself, as to why locating and reviewing the file for the Subject Property would take three to five days. Although the second request seeks <u>all</u> communications between Chipley and Defendants, Plaintiffs agree that the second request is limited to correspondence arising out of or relating to the Subject Property. (Id. at 7:8-17.) The Court will modify the subpoena as to the second request. Chipley has otherwise failed to establish that the subpoena imposes an undue burden.[2]

Chipley next contends that "[m]ost of the documents requested could not conceivably be relevant to this action." (Chipley's Resp. 5.) Chipley again provides nothing to support this assertion. The subpoena focuses on a single project, the Subject Property, which is the subject of this litigation. The Court will not quash or modify the subpoena on the basis of an unsupported assertion.

Chipley's final assertion is that the subpoena requires the production of trade secrets. The only example Chipley provides is "the price it pays for materials." (Id.) A court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). A witness who withholds information on a claim of privilege or other protection must state the claim expressly and support it with sufficient documentation to enable the demanding party to

---

[2] Chipley's failure to establish undue burden also dispenses of its contention that Plaintiffs "should pursue additional documents from Defendants before unduly burdening a non-party." (Chipley's Resp. at 5.)

- 3 -

1  contest the claim.  Id. at 45(d)(2)(A)(ii).  Chipley provides no authority or support for the
2  proposition that the price it pays for materials is trade secret information.  Chipley
3  therefore fails to establish that the subpoena requires disclosure of privileged or other
4  protected material.

5  Plaintiffs request attorney's fees in connection with its Motion to Compel.  The
6  only authority in the Federal Rules of Civil Procedure for the imposition of sanctions
7  against a nonparty for failure to comply with a subpoena duces tecum is Rule 45(e).
8  Having objected, Chipley was not obligated to produce the subpoenaed documents until
9  Plaintiffs obtained an order directing compliance.  See Fed. R. Civ. P. 45(c)(2)(B).
10 Sanctions are therefore premature at this point, but could be imposed if Chipley fails to
11 comply with this Order.  See Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492,
12 494-95 (9th Cir. 1983).  Plaintiffs' request for attorney's fees will therefore be denied at
13 this stage.

## CONCLUSION

15 The Court will modify the subpoena to clarify that the second request is limited to
16 correspondence arising out of or relating to the Subject Property.  The Court will
17 otherwise grant Plaintiffs' Motion to Compel and order Chipley to respond to the
18 subpoena.  Accordingly,

19 **IT IS HEREBY ORDERED** modifying the subpoena duces tecum served on
20 Chipley to limit the second request to correspondence arising out of or relating to the
21 Subject Property.

22 **IT IS FURTHER ORDERED** granting Plaintiffs' Motion to Compel (Dkt. 57).

23 **IT IS FURTHER ORDERED** directing Chipley to respond to the subpoena
24 duces tecum as modified.

25 DATED this 16th day of May, 2008.

Stephen M. McNamee
United States District Judge